UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PETER JACKSON | CIVIL ACTION |
| VERSUS | NO. 08-4292 |
| GARY DUNCAN, IN PERSONAM<br>AND THE M/V TEXAS LADY,<br>her engine, tackle, etc., IN REM | SECTION "N" (1) |

## **ORDER AND REASONS**

Presently before the Court is "Defendants' Second Motion for Involuntary Dismissal Pursuant to FRCP 41(b)" (Rec. Doc. 31), which was filed on November 12, 2009. As reflected in the Court's record of this action, and particularly Defendants' submissions relative to the pending motion and a previously filed motion to dismiss (Rec. Docs. 21, 30, and 31), Plaintiff, proceeding *pro se* and/or with the assistance of two attorneys, has failed to prosecute this action. In particular, despite being ordered, on April 28, 2009, to provide initial disclosures, in accordance with Federal Rule of Civil Procedure 26(a)(1), by May 12, 2009, and then, through counsel, requesting an additional fourteen days from July 13, 2009 to do so, Plaintiff has not satisfied this obligation. *See* Rec. Docs. 17, 21, 24, and 31.[1] Further, neither Plaintiff nor his attorney has offered any explanation

---

[1] This request is set forth in Plaintiff's July 13, 2009 "Motion to Deny Involuntary Dismissal and Incorporated Memorandum" (Rec. Doc. 24), which was filed in response to Defendants' first motion for involuntary dismissal (Rec. Doc. 21). Plaintiff's response, submitted

1

for this omission, despite Plaintiff's counsel's July 13, 2009 representation: "[I]t is petitioners' full intention to move this matter in a manner prescribed by this Honorable Court in that the FRCP Rule 26 disclosure will be promptly provided and the matter will henceforth be prosecuted as required." *See* Rec. Doc. 24. Indeed, Plaintiff has never bothered to file any response at all to Defendants' second motion for involuntary dismissal, which was set for hearing on December 16, 2009. Nor does the record reflect that witness or exhibit lists have been filed in accordance with the Court's April 29, 2009 Order (Rec. Doc. 17). Given the foregoing, the impending January 14, 2010 pre-trial conference date, the January 25, 2010 trial date, and the obvious prejudice to Defendants, the Court finds that Plaintiff has completely failed to prosecute this action and that his claims should be dismissed with prejudice.

Accordingly, **IT IS ORDERED** that the motion is **GRANTED** insofar as it requests that Plaintiff's claims be **DISMISSED WITH PREJUDICE**. Given the seemingly unnecessary expenditure of the resources of Defendants, defense counsel, and this Court relative to this matter, **IT FURTHER ORDERED** that, on or before Wednesday, January 20, 2010, Plaintiff, Peter Jackson, and Attorney Kevin Steel are to show cause, in writing, why they should be not required to pay all or part of the attorney's fees, costs, and expenses incurred by Defendants in defending this action.

New Orleans, Louisiana, this 11th day of January 2010.

_____
**KURT D. ENGELHARDT
United States District Judge**

---

by attorney Kevin Steel, cited Plaintiff's previous *pro se* status, Steel's recent retention, and the need to investigate Plaintiff's claims. Given the Court's ruling on the November 12, 2009 second motion to dismiss, Defendants' first motion for involuntary dismissal (Rec. Doc. 21) is rendered moot.