UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PETER JACKSON                                    CIVIL ACTION

VERSUS                                           NO: 08-4292

GARY DUNCAN, ET AL                               SECTION: "S" (1)

ORDER AND REASONS

IT IS HEREBY ORDERED that defendant Gary Duncan's **Motion to Revive Judgment** (Rec. Doc. 68) is **GRANTED**;

IT IS FURTHER ORDERED that defendant Gary Duncan's **Second Motion for Contempt** (Rec. Doc. 68) is **GRANTED**, and Peter Jackson and Kevin Steel are held in civil contempt for failure to abide by orders of the court;

IT IS FURTHER ORDERED that defendants are awarded attorneys' fees in the amount of $1000.00 in connection with bringing the instant motions.

BACKGROUND

On October 27, 2011, the judge to whom this matter was previously assigned entered an amended judgment in favor of defendants, awarding $9,828 in attorney fees and $1,187.12 in expenses, for an amended total of $10,475.12, due and payable jointly and severally by Peter Jackson and Kevin Steel to defendant Gary Duncan and the M/V Texas Lady. Judgment was entered following the court's finding that plaintiff's claims should be dismissed with prejudice for failure to prosecute, and that plaintiff's actions had caused unnecessary expenditure of the resources of defendants, defense counsel, and the court. The defendants also sought a contempt

ruling, which was referred by the district judge to the magistrate judge. The record reflects that

no ruling on the contempt motion was ever issued. To date, no payments toward satisfaction of

the judgment have been made. Defendants have filed the instant motion seeking to revive the

amended judgment, as well as a second motion for contempt.

Kevin Steel, attorney of record for plaintiff, Peter Jackson, opposes the motion. Steel has

filed his opposition in proper person, arguing that he never enrolled as counsel for Jackson, had

no contract to represent Jackson, and thus was never the attorney for Jackson. He further

contends that the judgment debt is owed by Kevin Steel in his capacity as an attorney, and is

inapplicable and unenforceable as to Kevin Steel in his individual capacity. He further argues

that he is no longer an attorney. Steel was placed on "Disability Inactive" status with the U.S.

District Court for the Eastern District of Louisiana on April 14, 2021, following the filing of the

instant motion.[1] Steel also contends that defendants' fee request, brought in connection with the

motion to revive judgment, is defective for lack of documentation, and that the amended

judgment cannot be revived because the original judgment was not timely revived.

## DISCUSSION

**I.      Motion to Revive the Amended Judgment**

The execution and revival of federal judgments are governed by the law of the forum

state. In re Clarke, 2012 WL 4634557, at *1 (Bankr. W.D. La. Oct. 1, 2012) (citing Sobranes

Recovery Pool I, LLC v. Todd & Hughes Construction Corp., 509 F.3d 216, 219 (5th Cir. 2007);

---

[1]Due to his "Disability Inactive" status, Steel is ineligible to practice law. However, because he is a party to the judgment, he has been permitted to file his opposition as a pro se litigant.

FED. R. CIV. P. 69 (other citations omitted)). Under Louisiana law, "[a] money judgment may be revived at any time before it prescribes by an interested party by the filing of an ex parte motion brought in the court and suit in which the judgment was rendered." LA. CODE CIV. PROC. art. 2031. A money judgment "is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by lapse of ten years from the time the judgment becomes final." LA. CIV. CODE. art. 3501.  "The court may order the judgment debtor to pay additional court costs and reasonable attorney fees in connection with the judgment revival action." LA. CODE CIV. PROC. art. 2031.

In the instant case, defendants seek to revive the amended judgment signed on October 27, 2011. The court is not persuaded by Steel's argument that judgment is prescribed because the motion to revive it comes more than ten years after the judgment entered on November 22, 2010; defendants do not seek to revive the November 22, 2010 judgment, they have moved to revive the amended judgment entered on October 27, 2011. The motion to revive the amended judgment has been filed in the court and suit in which the judgment was rendered, within the ten-year time frame imposed by article 3501. Accordingly, the amended judgment is not prescribed.

With respect to Steel's argument the judgment is unenforceable as to him because it applies only to Kevin Steel in his capacity as an attorney, and he was never the attorney for Jackson, the record belies this contention. In July of 2009, Kevin Steel moved for an extension to make initial disclosures based on the fact that he had "only recently been retained." Rec. Doc. 24. Following entry of judgment, Steel appeared for a judgment debtor examination as "Kevin Steel Esquire, individually and as counsel for Peter Jackson." Rec. Doc. 49. When the judgment

debtor examination was continued because Jackson failed to appear as ordered, Steel appeared again and represented under oath that he was appearing individually and on behalf of Jackson. Rec. Doc. 62-2.

Thus, the record in this matter reflects unequivocally that Steel appeared on plaintiff's behalf as his attorney. He has never sought to withdraw as counsel, and (though currently ineligible to practice) remains listed as counsel of record. The court is therefore unpersuaded by Steel's argument that he never represented plaintiff in this suit, and that contention provides no basis to deny the motion to revive judgment. Further, if Steel was of the belief that the judgment was unsound in some way at the time it was issued, his remedy was a motion to alter or amend the judgment pursuant to Federal Rule 59. Any such motion must have been filed within 28 days after the entry of the judgment, a period which has long passed. Accordingly, the motion to revive judgment is granted.

In connection with the judgment revival, defendants also request that plaintiffs be ordered to pay reasonable attorneys fees, in the amount of $1000.00, as provided for in Louisiana Civil Code of Procedure article 2301. Steel originally objected on the ground that proper documentation was not provided, and defendants have since provided itemized time sheets reflecting 9.08 hours of work on this file. With the exception of one entry for .73 hours on March 29, 2021, which appears possibly duplicative of work billed for March 19, 2021, the time spent appears reasonable.

While Steel did not contest defense counsel's $250 per hour billing rate, and he has acknowledged that attorneys' billing rates range from $125 per hour to $750 per hour, he also

suggested that the court should determine a proper billing rate. "When the attorney's customary

billing rate is within the range of prevailing market rates and is 'not contested, it is prima facie

reasonable.' " Nelson v. Constant, 2021 WL 76407, at *3 (E.D. La. Jan. 8, 2021) (quoting

Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 328 (5th Cir. 1995). In the Eastern

District of Louisiana, prevailing rates generally range from $200 to $400 per hour depending on

the attorney's level of experience. Id. (collecting cases). The court finds that the $250 per hour

rate claimed by defense counsel is reasonable.

 An hourly rate of $250 per hour multiplied by 8.35 hours yields a lodestar of $2087.50.

See Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). This lodestar may be

adjusted upward or downward based upon a consideration of the twelve factors set forth in

Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974). Id. Those

factors are: the time and labor required to represent the client or clients; the novelty and

difficulty of the issues in the case; the skill required to perform the legal services properly; the

preclusion of other employment by the attorney; the customary fee charged for those services in

the relevant community; whether the fee is fixed or contingent; the time limitations imposed by

the client or circumstances; the amount involved and the results obtained; the experience,

reputation, and ability of the attorney; the undesirability of the case; the nature and length of the

professional relationship with the client; and awards in similar cases. Johnson, 488 F.2d at

717–19.

 In this case, the majority of the Johnson factors, including the time, labor, and skill

required, as well as the customary fee charged in the community and the results obtained, all

support the lodestar amount. However, because the motion to revive the judgment involved the

straightforward application of established black-letter law, the novelty of the issues suggest a

reduction is appropriate. The fees requested by defense counsel, approximately fifty percent of

the lodestar, incorporate this reduction. Accordingly, the court finds that an award of $1000.00

for fees is reasonable.

## II. Motion for Contempt

A federal court can find a party in civil contempt when the party "violates a definite and

specific order of the court requiring him to perform or refrain from performing a particular act or

acts with knowledge of the court's order." Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's

Bakeries, 177 F.3d 380, 382–83 (5th Cir. 1999) (citing Travelhost, Inc. v. Blandford, 68 F.3d

958, 961 (5th Cir.1995)). A movant in a civil contempt proceeding bears the burden of

establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order

required certain conduct by the respondent, and 3) that the respondent failed to comply with the

court's order. Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559, 581-82 (5th Cir.

2005). The evidence must be "so clear, direct and weighty and convincing as to enable the fact

finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the

case." Test Masters, 428 F.3d at 582 (internal quotations and citation omitted).

Upon a finding of contempt, the district court has broad discretion in assessing sanctions

to protect the sanctity of its decrees and the legal process. Test Masters, 428 F.3d at 582. Further,

a court has the authority to award of attorneys' fees for compensatory purposes after a finding of

civil contempt. Cook v. Ochsner Foundation Hospital, 559 F.2d 270, 272 (5th Cir.1977).

In this case, Steel's sole argument against a contempt finding is that it is properly assessed against Jackson's attorney, which he never was, and may only be imposed upon him in his capacity as an attorney, which he no longer is. As discussed above, this argument is contradicted by the record. Further, it is undisputed that court orders are in effect, that the orders require certain conduct by Jackson and Steel (namely, payment of the judgment), and that Jackson and Steel have failed to comply with the orders, in Steel's case, after appearing under oath and stating he would make a partial payment, which he never did. Accordingly, the court grants defendants' motion to find Jackson and Steel in contempt. As a sanction, the court orders that the attorney fee award of $1000.00 is made pursuant to its contempt ruling as well as pursuant to Louisiana Code of Civil Procedure 2301. Therefore,

**IT IS HEREBY ORDERED** that defendant Gary Duncan's **Motion to Revive Judgment** (Rec. Doc. 68) is **GRANTED**;

**IT IS FURTHER ORDERED** that defendant Gary Duncan's **Second Motion for Contempt** (Rec. Doc. 68) is **GRANTED**, and Peter Jackson and Kevin Steel are held in civil contempt for failure to abide by orders of the court;

**IT IS FURTHER ORDERED** that defendants are awarded attorneys' fees in the amount of $1000.00 in connection with bringing the instant motions.

New Orleans, Louisiana, this  23rd  day of June, 2021.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE